UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DOUGLAS AND TAMMY HERZOG, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, a foreign insurer,<br><br>Defendant. | Case No. 3:16-cv-05083-KLS<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND GRANTING DEFENDANT'S REQUEST TO DISMISS PLAINTIFFS' REMAINING CLAIMS |

This matter is before the Court on plaintiffs' filing of a motion for leave to file a second amended complaint and defendant's request that plaintiffs' remaining claims be dismissed. Dkt. 41, 43. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure (FRCP) 73; Local Rule MJR 13. For the reasons set forth below, the Court finds plaintiffs' motion should be denied and defendant's request should be granted.

FACTUAL AND PROCEDURAL HISTORY

On November 30, 2016, this Court issued an order finding that plaintiffs' dock is not a "building" as that term is used in the insurance policy at issue in this case, and thus that coverage for only actual cash value (ACV) applies. Dkt. 37. The Court further found that because plaintiff had not presented any specific argument or evidence that defendant improperly calculated ACV

ORDER - 1

under that policy, the amount it deducted from the replacement cost value (RVC) of the dock was not unreasonable. *Id.* Finally, in light of *Perez-Crisantos v. State Farm Fire & Casualty Co.*, which was pending before the Washington State Supreme Court at the time the Court's order was issued, the Court determined that it should refrain from deciding whether defendant's actions violated the Washington State Insurance Fair Conduct Act (IFCA), and instead wait until the Washington State Supreme Court issued its decision to address that issue. *Id.*

On February 2, 2017, the Washington State Supreme Court issued its decision in *Perez-Crisantos*. 389 P.3d 476 (2017). On February 22, 2017, the parties conducted a conference call with the Court, at which counsel for plaintiff and counsel for defendant were both present. Dkt. 39. At that conference, the parties agreed it was appropriate to lift the stay of proceedings in this matter. *Id.* Plaintiffs' counsel advised that he intended to file a motion to amend plaintiffs' first amended complaint, which would be opposed by defendant's counsel. *Id.* The Court directed the parties to file their respective motions and agree as to a noting date. *Id.*

Also on February 22, 2017, the Court issued an order lifting the stay and reflecting what was agreed to in the telephone conference. Dkt. 40. On February 23, 2017, plaintiffs filed their motion for leave to file a second amended complaint. Dkt. 41. That same day defendant filed its supplemental pleading regarding plaintiffs' remaining IFCA claims, requesting therein that such claims be dismissed in light of *Perez-Crisantos*. Dkt. 43. In addition, the Court has received defendant's opposition to plaintiff's motion for leave to amend (Dkt. 44) and plaintiffs' reply thereto (Dkt. 45), as well as plaintiffs' objection to defendant's filing of its supplemental pleading (Dkt. 46)[1] and defendant's reply to that objection (Dkt. 47). As the noting date on both

---

[1] Plaintiff objects to the Court's consideration of defendant's supplemental pleading, arguing that because defendant is requesting dispositive relief in that pleading, but failed to note it for consideration on the fourth Friday after it was filed as required by Local Rule CR 7(d)(3). Defendant points out that at the February 22, 2017 telephone conference,

ORDER - 2

plaintiffs' motion to amend and defendant's supplemental pleading have passed, and it appears that all pertinent pleadings have been received, this matter is ripe for the Court's consideration.

## DISCUSSION

Plaintiffs may amend their first amended complaint only with defendant's written consent – which has not been provided in this instance – or by leave of the Court. Federal Rule of Civil Procedure (FRCP) 15(a)(1), (2). Such leave should be freely given "when justice so requires." FRCP 15(a)(2). "Although leave to amend" thus "is liberally granted under Fed.R.Civ.P. 15(a), undue delay, bad faith in seeking amendment, or undue prejudice to the party opposing the amendment are grounds for denying leave to amend," as is "futility of amendment." *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994); *Acri v. Intil Ass'n of Mchinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

Plaintiffs argue that in light of the Washington State Supreme Court's decision in *Perez-Crisantos*, and the right they reserved in their original complaint to amend it to assert additional causes of action, they should be allowed to assert a claim under Washington State's Consumer Protection Act (CPA) for breach of defendant's duty to act in good faith because of defendant's violations of ICFA regulations in handling their claim. Defendant argues plaintiffs' remaining IFCA claims should be dismissed in light of *Perez-Crisantos*, which defendant asserts held the IFCA only created a cause of action for an unreasonable denial of coverage or benefits, and not

---

the Court asked it to file a supplement pleading so that it was before the Court, and directed the parties to agree as to a noting date for their respective motions. *See* Dkt. 39. According to defendant:

> The parties later met and conferred by telephone to agree on a noting date, and agreed on a note [sic] date as required by rule. Counsel for [defendant] later confirmed [via email] that the parties would use a "third Friday noting date." [Defendant's] counsel received no response to this email, and thus assumed plaintiff's agreement, as per the phone call.

Dkt. 47, p. 2 (internal citation omitted; *see also* Dkt. 47-1. There is no indication in the record before the Court that the parties did other than agree to file both their motions on the same day, which is what happened. *See* Dkt. 41, 43. In light of the above, the Court will consider defendant's supplemental pleading.

ORDER - 3

for mere violations of that statute's regulations, and further argues amendment under FRCP 15(a) should not be allowed. The Court agrees with defendant.

In *Perez-Crisantos*, the Washington State Supreme Court expressly held that the IFCA "does not create an independent cause of action for" violations of the specific regulations listed in that statute. 389 P.3d at 483. Plaintiffs concede that in light of *Perez-Crisantos*, the IFCA does not grant them such a cause of action. Dkt. 41, p. 3. However, plaintiffs' now seek to amend their first amended complaint to add a cause of action under the CPA and for breach of insurer duty to act in good faith, based on the same alleged regulatory violations. Several factors, though, weigh against allowing such an amendment.

As the Washington Supreme Court in *Perez-Crisantos* notes, "[f]or many years, insureds have been able to sue their insurers for violations of certain insurance regulations in a CPA or bad faith action." 389 P.3d at 479 (citing *Track Ins. Exch. V. VanPort Homes, Inc.*, 147 Wn.2d 751, 764 (2002); *Indus. Indemn. Co. v. Kallevig*, 114 Wn.2d 907, 921-22 (1990)). Plaintiffs first argue that because *Perez-Crisantos* constitutes controlling precedent, and because that precedent "changed midway through the litigation," amending their complaint to allow for a CPA and bad faith claim is proper. *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117-18 (9th Cir. 2013). But unlike in *Sonoma Cnty.*, the controlling precedent in this case came at the summary judgment rather than the motion to dismiss stage. *Id.* at 1113-14. Further, also unlike in *Sonoma Cnty.*, *Perez-Crisantos* does not broaden plaintiffs' ability to sue for violations of the insurance regulations, but to the contrary significantly curtails it.

Plaintiffs assert that they alleged a claim for violations of the insurance regulations in the original complaint "in the good faith but mistaken belief that" the IFCA permitted such claims. Dkt. 41, p. 5. Plaintiff points out that in interpreting the IFCA to bar claims for mere violations

ORDER - 4

of the insurance regulations, the Washington Supreme Court in *Perez-Crisantos* admitted that the law on this issue up to that point had been to say the least ambiguous, but made clear that such claims could still be brought under the CPA and/or for bad faith. 389 P.2d at 480-81. Given this clarification in the law, plaintiffs argue, the addition of such a claim is proper.

*Perez-Crisantos*, however, did not "clarify" the law as to plaintiffs' ability to bring suit under the CPA or for insurer bad faith for violations of the insurance regulations. Indeed, again as the Washington State Supreme Court expressly noted in that case, "[f]or many years, insureds have been able to sue their insurers for violations of certain" of those regulations under a CPA or bad faith action, including for violations of WAC 284-30-330 under which plaintiffs seek relief in part. *Id.* at 478; *see also Truck Ins. Exch.*, 147 Wn.2d at 764 ("Violations of WAC 284-30-330 are per se violations of Washington's [CPA]."). As such, it was clear at the time they filed their original complaint that plaintiffs could have included a CPA or bad faith claim. There is nothing to indicate that they were limited to bringing only the IFCA violation claims, or that they did not have the requisite facts at the time to assert a CPA or bad faith claim.

"[L]ate amendments to assert new theories are not received favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri*, 691 F.2d at 898; *see also Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982) ("[The plaintiff] provided no satisfactory explanation for his failure to fully develop his contentions originally, and the amended complaint was brought only to assert new theories, if anything, and was not premised on new facts."); *Jordan v. Los Angeles Cty.* 669 F.2d 1311, 1324 (9th Cir. 1982). It matters not, furthermore, that plaintiffs were not acting in bad faith in failing to include a CPA or insurer bad faith claim in their original complaint. *See Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1016-17 (9th Cir. 1999) (pointing out that the amended complaint "did

nothing more than reassert an old theory of liability based on previously-known facts," and that the plaintiff "had knowledge of the relevant facts from the inception of the lawsuit."). Nor does plaintiffs' assertion that they have not been dilatory persuasive, given that they themselves admit the claims they seek to add are not based on any new or additional facts. Dkt. 41, p. 4 (seeking leave to amend "to assert additional legal theories of recovery based on facts already described in [plaintiffs'] Motion for Partial Summary Judgment").

The Court also finds two other bases for denying plaintiffs' motion for leave to amend: futility of amendment and prejudice to defendant. Two of the insurance regulations that plaintiffs base their CPA and insurer bad faith claims on are WAC 284-30-330(13) and WAC 284-30-380, both of which concern *denials* of insurance coverage or offers of a compromise settlement.[2] As discussed in the Court's order granting defendant's motion for partial summary judgment and denying plaintiff's motion for partial summary judgment, though, no denial of coverage or offer of a compromise settlement occurred in this case.

Lastly, plaintiffs contend defendant will not be prejudiced by allowing amendment of the complaint. But the Court agrees with defendant that at this late stage of the proceedings allowing amendment would only further delay this matter – which already has been delayed once for resolution of the IFCA issue – and further discovery would likely be required to develop the new legal theory upon which plaintiffs seek relief. In addition, defendant is likely to have to incur the additional expense of retaining a "bad faith" or other similar expert to defend against plaintiffs' allegation that it acted unreasonably in handling their claim. For all of the foregoing reasons, the

---

[2] WAC 284-30-330(13) provides that it is an unfair act or practice to fail "to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement." WAC 284-30-330(1) states that "[t]he insurer must not deny a claim on the grounds of a specific policy provision, condition, or exclusion unless reference to the specific provision, condition, or exclusion is included in the denial," which "must be given to the claimant in writing."

ORDER - 6

Court declines to allow plaintiffs to amend their complaint.

Plaintiffs argue that there remains a factual issue in this case that demands resolution, such that dismissal of this action is not proper. Specifically, plaintiffs assert that in their motion for partial summary judgment they noted that they were pursuing "a second claim – that even assuming that [their] recovery was limited to [ACV], that the [ACV] of his loss was greater than the amount [defendant] had paid him." Dkt. 45, p. 2 (citing Dkt. 24, p. 17). "While noting the existence of this claim," plaintiffs further assert their summary judgment motion also "noted that it presented a 'factual issue,' such that [they] did not move for summary judgment with respect to it." *Id.* They assert as well that the Court "did not enter any kind of dispositive ruling with respect to that claim," and thus that this "coverage claim remains to be adjudicated in this case." *Id.*

As the Court expressly stated in its order denying their summary judgment motion, though, "plaintiffs have not provided any evidence that either [defendant's] determination [of the dock's ACV] or the basis for arriving at it was incorrect," and thus "they have not established a genuine issue of material fact with regard thereto."[3] Dkt. 37, p. 17. Nor did plaintiffs raise the method or basis for calculating ACV as an issue or claim in either their original or first amended complaint, but instead merely alleged breach of contract based on failure to pay more than the ACV, i.e., the full replacement value thereof. Dkt. 1-1, pp. 10-11; Dkt. 19, pp. 4-5. Accordingly, the Court that finds no issue remains to be resolved in this matter, and therefore that dismissal of plaintiff's cause of action is warranted.

---

[3] Nor does the Court find persuasive plaintiffs' assertion that they in fact "presented" this issue for resolution in their summary judgment motion. *See* Dkt. 24, p. 17 (stating that "[t]he second issue which this case *may* present is whether the insurer correctly determined 'actual cash value'") (emphasis added). As just discussed, plaintiffs did not present any evidence that the ACV defendant determined was incorrect. Thus, while plaintiffs may have desired to have this presented as an issue and decided by the Court, they made no showing that there was actually any factual issue left to be resolved based on the evidence before the Court.

ORDER - 7

CONCLUSION

For the reasons discussed above, plaintiffs' motion for leave to file a second amended complaint (Dkt. 41) hereby is DENIED, and defendants' request to dismiss plaintiffs' remaining claims (Dkt. 43) hereby is GRANTED.

DATED this 21 day of March, 2017.

*Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 8